## No. 654.

### CURATORSHIP OF SARAH J. BEECROFT, INTERDICTED. OPPOSITION TO FINAL ACCOUNT OF THE CURATOR.

The accounts of the curator of the interdicted, which were filed and homologated previous to the filing of the last tableau, are, according to the provisions of the Civil Code, *prima facie* correct, but they do not form *res judicata*.

The accounts are presumed to be correct, unless the contrary be shown, but this may be shown on opposition to the final account by the accounts themselves or by other testimony, and if these accounts disclose charges which are evidently illegal or exaggerated, this court can notice the fact and correct them.

APPEAL from the Parish Court, parish of Morehouse. *Wheeler*, J. *C. T. Dunn*, for opponent and appellee. *S. G. Parsons*, for curator and appellant.

MORGAN, J. S. J. Beecroft was interdicted on the petition of J. T. Payne. W. J. Walt was appointed her curator. An under curator was also appointed.

The curator took upon himself the administration of the interdicted's property, and filed several accounts. Subsequently, the judgment of interdiction was annulled, and the curator was ordered to file a final account of his administration, which he has done.

The party who had been interdicted opposed the homologation of the account, and has included in her opposition objections to his former accounts. To the latter oppositions the defendant excepts the plea of *res judicata*. This plea can not be sustained.

"The person interdicted is, in every respect, like the minor who is under a tutor, both as it respects his person and estate; and the rules respecting the tutorship of the minor, concerning the oath, the inventory and the security, the recording of the legal mortgage, the mode of administering, the sale of the estate, the commission on the revenues, the excuses, the exclusion or the deprivation of the tutorship, the mode of rendering the accounts, and the other obligations apply, with respect to the curatorship of the person interdicted."

"The tutor is bound to render an annual account of his administration, reckoning from the day of his appointment. This account shall be ren-

dered contradictorily with the under tutor. The judgment homologating the account shall be *prima facie* evidence of the correctness of the account homologated in any settlement which may afterward be made with the minor." C. C. 356.

. The accounts filed and homologated previous to the filing of the last tableau are, therefore, *prima facie* correct, but they do not form *res judicata*. But the accountant contends that if his former accounts are not vested with the authority of the thing adjudged, they are so far obligations on the parties that they can not be attacked collaterally on an opposition to a subsequent account, but only by direct action.

The accounts are presumed to be correct, unless the contrary is shown. But we think that this may be shown on opposition to a final account by the accounts themselves, or by other testimony, and that if these accounts disclose charges which are evidently illegal or exaggerated, we can notice the fact and correct them.

The most important question in the case is whether the interdicted should pay the costs of her interdiction; and, if so, what amount she should pay.

She was not interdicted at the suit of the curator. With the proceedings which led to that result he had nothing to do. He was appointed curator upon the recommendation of a family meeting, by a judge of competent jurisdiction. He certainly can not be charged with the expenses entailed by that litigation. He was, however, bound to see that these expenses were confined within a reasonable limit. It is true he filed accounts showing the payments which he made, and that these accounts were homologated. But the accounts were of his own filing, and the amounts thereon were set down by him. That they were out of proportion to the services rendered we think is unquestionable. The same remarks apply to other items on the accounts.

The parish judge has rendered an elaborate opinion, in which he has scrutinized these accounts, and from his judgment both parties have appealed.

A careful examination of the opinion as well as of the facts upon which it is based has satisfied us that his judgment was well rendered.

Judgment affirmed.